1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

EASTRIDGE CHRISTIAN ASSEMBLY,

CASE NO. C10-1886 MJP

11

Plaintiff,

ORDER DENYING MOTION FOR
SUMMARY JUDGMENT AND

12

v.

DENYING MOTION FOR
CONTINUANCE OF MOTION FOR

13

HARVESTIME INC,

SUMMARY JUDGMENT

14

Defendant.

15

16     THIS MATTER comes before the Court on Defendant Kimberly Lynn Oaster's motion

17  for summary judgment on all claims pending against her. (Dkt. No. 94). Plaintiffs responded to

18  this motion, but also made a motion to continue it citing a need for additional discovery in order

19  to raise their best defense. (Dkt. No. 99.)  The Court considered the motion for summary

20  judgment, the response (Dkt. No. 102), the reply (Dkt. No. 109), and all related documents. The

21  Court also considered the motion for a continuance, the response (Dkt. No. 108) and all related

22  documents. The Court DENIES the motion for summary judgment. Because the Court finds

23  Plaintiff adequately defends against the motion for summary judgment, the Court also finds

24

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION FOR
CONTINUANCE OF MOTION FOR SUMMARY
JUDGMENT- 1

1  Plaintiff's motion to continue unnecessary and DENIES it.

2

3

4  **Background**

5       Plaintiff Eastridge Christian Assembly ("ECA") is an Assemblies of God denominational

6  church with locations in West Seattle and Issaquah, Washington. (Dkt. No. 78 at 2.) This lawsuit

7  arises out of a Design Services Agreement ("DSA") ECA entered into with Defendant

8  Harvestime, a Colorado corporation. (Id.) ECA brings this suit against Harvestime, the

9  corporation's principal shareholder Bradley Oaster, his wife Kimberly Oaster, and their marital

10 community, among other defendants. (Id.) The Oasters reside in the state of Colorado. (Id.) Ms.

11 Oaster seeks summary judgment on all claims pending against her. (Dkt. No. 94.)

12      Around September 2003, Mr. Oaster, on behalf of Harvestime, entered into a DSA with

13 ECA to perform certain services, including but not limited to the preparation of design

14 documents for ECA to obtain utility and building permits in order to construct a new church in

15 Issaquah, Washington.  (Dkt. No. 78 at 3.) Mr. Oaster agreed to obtain the services of a

16 Washington licensed consultant to provide the design documents, and to coordinate their work

17 while providing construction administration services. (Id.) ECA believes Harvestime was

18 administratively dissolved in February 2003, and was not a corporation in good standing in the

19 state of Colorado at the time of contracting. (Id.)

20      Mr. Oaster obtained the services of architect Patrick Morgan and the company Neujahr &

21 Gorman, also Defendants in this case. (Dkt. No. 78 at 4.)  Morgan and Neujahr & Gorman

22 agreed to prepare design documents needed by ECA to obtain necessary building permits and

23 from which the planned new church could be constructed. (Id.) ECA argues Oaster made Morgan

24 ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION FOR
CONTINUANCE OF MOTION FOR SUMMARY
JUDGMENT- 2

1  and Neujahr & Gorman agents of Harvestime. (Id.) ECA alleges the Oasters, Harvestime,

2  Morgan and Neujahr & Gorman individually and collectively breached their duty to use

3  reasonable care in performing their services, ultimately resulting in injury to ECA. (Dkt. No. 78

4  at 6.)

5        Defendant Kimberly Oaster argues she is implicated in this lawsuit only as the spouse of

6  Bradley Oaster. (Dkt. No. 94 at 2.) She argues that because she and Mr. Oaster are residents of

7  Colorado, a non-community property state, she is not a part of a "marital community" and is not

8  potentially liable for claims against her husband. (Id.) Essentially, Ms. Oaster claims she is an

9  innocent bystander to the conflict between the other Defendants and ECA, and that Plaintiff has

10  not plead facts to establish personal jurisdiction over her in the absence of liability stemming

11  from her marriage. (Id.) ECA responds they believe Ms. Oaster was personally involved in the

12  business dealings of Harvestime that injured ECA, and she was incorporated into the Complaint

13  where it referred to the "Oaster Defendants." (Dkt. No. 102 at 8.) ECA alleges Ms. Oaster

14  attended business meetings, made representations on behalf of Harvestime, and was otherwise

15  involved in Harvestime projects. (Id.)

16

17                          **Discussion/Analysis**

18

19        Summary judgment is warranted if no material issue of fact exists for trial.  Warren v.

   City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The
20
   underlying facts are viewed in the light most favorable to the party opposing the motion.
21
   Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary
22
   judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for
23
   the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party
24
   ORDER DENYING MOTION FOR SUMMARY
   JUDGMENT AND DENYING MOTION FOR
   CONTINUANCE OF MOTION FOR SUMMARY
   JUDGMENT- 3

1   moving for summary judgment has the burden to show initially the absence of a genuine issue

2   concerning any material fact. Adickes v. S.H. Kress & Co., 398 U.S. 144, 159 (1970).  If the

3   moving party makes this showing, the burden shifts to the nonmoving party to establish the

4   existence of an issue of fact regarding an element essential to that party's case, and on which that

5   party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24

6   (1986).

7          There are clear issues of material fact precluding summary judgment for Ms. Oaster.

8   Where Ms. Oaster presents herself as an uninvolved bystander who is involved in this litigation

9   only due to marriage, ECA presents her as personally involved in the interactions giving rise to

10   this suit. (Dkt. No. 102 at 12.) Ms. Oaster's argument centers on ECA's inability to reach her as

11   a member of a "marital community" because she and Mr. Oaster do not reside in a community

12   property state. (Dkt. No. 94 at 2.) Ms. Oaster does not argue that even if she were involved in the

13   business dealings of Harvestime and ECA she is still entitled to summary judgment; instead, she

14   argues her lack of personal involvement should free her from this case under Colorado law. The

15   facts do not support the argument the Court only faces a choice of laws question to be resolved

16   by legal analysis.

17          ECA raises several claims that Ms. Oaster participated in the business dealings giving

18   rise to this action. ECA argues Ms. Oaster participated in business meetings of Harvestime and

19   trained employees on money raising techniques, answered the business questions of ECA

20   regarding their contract, and travelled to meet with ECA at ECA's expense, among other

21   activities. (Dkt. No. 102 at 12-13.) Sharon Hanson, a former bookkeeper for Harvestime, states

22   in her declaration that Ms. Oaster had "intimate knowledge" of Harvestime files, had her travel

23   expenses covered by Harvestime, withdrew money from the Harvestime account to pay for

24

ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION FOR
CONTINUANCE OF MOTION FOR SUMMARY
JUDGMENT- 4

1  household expenses, and picked up and opened company mail. (Dkt. No. 105 at 2-3.) Garth A.

2  Schlemlein, in his supplemental declaration, says he navigated archived versions of the

3  Harvestime website from 2008, 2009, and 2010, where he found a picture of Ms. Oaster under

4  the "team" link with a description indicating she trains and manages the work of different

5  Harvestime employees. (Dkt. No. 111 at 2.) He also indicated Ms. Oaster had a Harvestime.com

6  E-Mail address. (Id.) Evan Hanson, a former contractor for Harvestime, states in his declaration

7  Ms. Oaster frequently answered questions for him regarding Harvestime projects, including the

8  ECA project. (Dkt. No. 104 at 2.) These factual allegations are in stark contrast to the image of a

9  non-participatory spouse presented by Ms. Oaster. Due to the inconsistent facts presented,

10  summary judgment is DENIED.

11       ECA brings a motion to continue Ms. Oaster's motion for summary judgment, arguing a

12  need to do more discovery to best make their case against the motion. (Dkt. No. 99 at 1.) ECA

13  adequately raises several issues of material fact in their response brief to the motion for summary

14  judgment, and no additional discovery is needed. This motion is DENIED.

15

16                                      **Conclusion**

17       The conflicting facts surrounding Ms. Oaster's involvement with the activity giving rise

18  to this litigation do not support summary judgment. The motion for summary judgment is

19  DENIED. Because the issues in the motion for summary judgment were fully briefed and the

20  motion was denied, ECA's motion for a continuance of Ms. Oaster's motion for summary

21  judgment is DENIED.

22  /

23  /

24
ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION FOR
CONTINUANCE OF MOTION FOR SUMMARY
JUDGMENT- 5

1        The clerk is ordered to provide copies of this order to all counsel.

2        Dated this 14th day of February, 2013.

3

4                                                    Marsha J. Pechman
                                                     Chief United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24
ORDER DENYING MOTION FOR SUMMARY
JUDGMENT AND DENYING MOTION FOR
CONTINUANCE OF MOTION FOR SUMMARY
JUDGMENT- 6