1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

| | |
|---|---|
| EASTRIDGE CHRISTIAN ASSEMBLY, a Washington not for profit corporation, | CASE NO. C10-1886MJP |

11

Plaintiff,

ORDER GRANTING DEFENDANT
NEUJAHR & GORMAN'S MOTION
FOR SUMMARY JUDGMENT

12

v.

13

14

BRADLEY D. and JANE DOE OASTER
and the marital community thereof;
HARVESTIME, Inc., a foreign
corporation; NEUJAHR & GORMAN,
Inc., a foreign corporation; and PATRICK
MORGAN ARCHITECT, Inc., a foreign
corporation,

15

16

17

Defendants.

18

19

20

        This matter comes before the Court on the motion for summary judgment filed by

Defendant Neujahr & Gorman, Inc. ("Neujahr"). (Dkt. No. 130.) Having reviewed the motion,

21

Plaintiff's response (Dkt. No. 147), Defendant's reply (Dkt. No. 157), and all related filings

22

(Dkt. Nos. 131, 132, 148, 149, 150, 151, 154, and 158), the Court GRANTS the motion for

23

24

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 1

1  summary judgment. This ruling moots the other pending motion, Neujahr's motion to exclude

2  expert witnesses (Dkt. No. 145), and terminates this case.

3  **Background**

4        This case arises out of the construction of a church in Issaquah, Washington. (Dkt. No.

5  130 at 1.) Plaintiff Eastridge Christian Assembly ("Eastridge") planned to construct a house of

6  worship for its 2,000 member congregation on twenty acres of land it had acquired in 2002. (Dkt.

7  No. 149 at 2.) Eastridge hired a Colorado church development company called Harvestime, Inc.,

8  which subcontracted with various design companies, including Defendant Neujahr, a structural

9  engineering firm. (<u>Id.</u> at 2-3.)

10        The construction process did not go smoothly. In November 2007, Eastridge's contractor

11  noted that Neujahr had failed to plan for the structural point loads to support equipment that

12  would hang from the sanctuary's ceiling. (<u>Id.</u> at 3.) In January 2008, the King County Building

13  Department raised additional concerns about the church's structural design, delaying the project.

14  (<u>Id.</u>) The problems culminated in August 2008, when Eastridge's general contractor, BPCI,

15  terminated its contract with Eastridge and recorded a claim of lien against the project, citing the

16  delays. (Id. at 4.) Neujahr continued working on the project until it was completed in 2010. (Dkt.

17  No. 147 at 5.)

18        Eastridge sued Harvestime on November 18, 2010, alleging causes of action for breach of

19  contract, negligence, and misrepresentation. (Dkt. No. 1 at 3-5.) Eastridge amended its complaint

20  when it realized Harvestime was not a corporation in good standing with the state of Colorado,

21  and served Harvestime's owner, Bradley Oaster, on February 15, 2011. (Dkt. No. 147 at 5.) On

22  March 28, 2011, the Court stayed the litigation pending mediation, pursuant to the contract

23  between Eastridge and Harvestime. (Dkt. No. 21.) On January 3, 2012, after the mediation had

24

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 2

1  failed, the Court lifted the stay. (Dkt. No. 15.) On January 25, 2012, Eastridge moved to amend

2  its complaint by adding the project's architect, Patrick Morgan Architect, Inc., and the structural

3  engineer, Neujahr and Gorman, Inc. (Dkt. No. 28.) The Court granted the motion on February

4  13, and Eastridge filed its amended complaint on February 21, 2012. (Dkt. Nos. 33, 38.) In April

5  2013, all defendants settled, except Neujahr. (Dkt. Nos. 142, 143, 144.)

6        Plaintiff acknowledges that it omitted Defendant Neujahr from its original suit because,

7  until October 2011, it believed that existing Washington law did not allow a cause of action for

8  negligence against a structural engineer. (Dkt. No. 147 at 5.) Plaintiff believes that the law

9  changed in November 2010, when the Washington Supreme Court issued its decision in

10  Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc. 170 Wn.2d 442 (2010); (Dkt. No. 147 at

11  8). Neujahr disagrees. (Dkt. No. 157 at 12.)

12        Defendant Neujahr asks the Court to grant summary judgment in its favor for two

13  reasons. First, Neujahr asserts that Eastridge failed to file its negligence claim within three years

14  of its accrual, so the claim is barred by the statute of limitations. (Dkt. No. 130 at 14.) Second,

15  Neujahr asserts that, under Washington law, engineers on construction projects do not owe tort

16  duties to avoid causing delays or increased construction costs to parties with whom they are not

17  in contractual privity.  (Id. at 20.) In opposition, Plaintiff offers various reasons why the statute

18  of limitations should be tolled, and argues that the Washington Supreme Court's decision in

19  Affiliated changed the state's law on the duties of care owed by engineers in construction

20  projects. (Dkt. No. 147 at 8, 14); 170 Wn.2d 442.

21                                        **Discussion**

22     A.  Legal Standard

23        Federal Rule 56(a) provides that the court shall grant summary judgment if the movant

24  shows that there is no genuine dispute as to any material fact and the movant is entitled to

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 3

1    judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S.

2    242, 247 (1986). In determining whether a factual dispute requiring trial exists, the court must

3    view the record in the light most favorable to the nonmovant. Id. at 255. All material facts

4    alleged by the non-moving party are assumed to be true, and all inferences must be drawn in that

5    party's favor. Davis v. Team Elec. Co., 520 F.3d 1080, 1088 (9th Cir. 2008).

6       B.  Statute of Limitations

7          Washington's three-year statute of limitations bars this action, and Plaintiff offers no

8    valid reason why it should be tolled or why the amended complaint adding Neujahr relates back

9    to an earlier pleading. A federal court sitting in diversity applies the applicable statute of

10   limitations of the jurisdiction in which the court sits. Menzez v. Ishikawajima-Harima Heavy

11   Indus. Co., 52 F.3d 799, 800 (9th Cir. 1995). This matter is governed by the three-year statute of

12   limitations in RCW 4.16.080(2) ("[t]he following actions shall be commenced within three years:

13   . . . an action for taking, detaining, or injuring personal property, including an action for the

14   specific recovery thereof, or for any other injury to the person or rights of another hot hereinafter

15   enumerated").

16          There is no dispute that more than three years have passed since Plaintiff's cause of

17   action against Neujahr accrued. A cause of action accrues at the time the plaintiff knew or should

18   have known all of the essential elements of the cause of action. Del Guzzi Constr. Co. v. Global

19   Northwest, 105 Wn.2d 878, 884 (1986). Defendant offers two potential dates for when Plaintiff's

20   cause of action accrued here. At the earliest, Plaintiff's cause of action accrued in November

21   2007, when Plaintiff learned that Neujahr failed to include point loads for equipment to hang

22   from the sanctuary ceiling. (Dkt. No. 147 at 14.) At the latest, it accrued in December 2008,

23   when Plaintiff had lost its general contractor on the project and hired a new one, paid additional

24   interest as a result of the delay, and was involved in discussions about potential claims against

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 4

1   Neujahr. (Dkt. No. 130 at 18.) Even if the Court were to accept this later date, Plaintiff had until

2   December 2011 to file its negligence claim against Neujahr. RCW 4.16.080(2). But Plaintiff

3   first asserted its negligence claim against Neujahr when it filed its second amended complaint on

4   February 21, 2012. (Dkt. No. 38.)

5         Plaintiff's argument for why the statute of limitations should be tolled fails. Plaintiff

6   asserts that the Court should apply the "continuing relationship" doctrine to toll the statute of

7   limitations until the professional relationship between Plaintiff and Defendant ended. (Dkt. No.

8   147 at 15.) Rooted in legal and medical malpractice law, Washington courts recognize a

9   "continuing relationship" exception to permit these professionals to "remedy their errors,

10  establish that there was no error, or attempt to mitigate the damage caused by their errors, while

11  still allowing the aggrieved client the right to later bring a malpractice action." Cawdrey v.

12  Hanson Baker, 129 Wn. App. 810, 819 (2005). Washington courts have applied the exception to

13  stockbrokers and accountants, but never to structural engineers. See, e.g., Hermann v. Merrill

14  Lynch, Pierce, Fenner & Smith, 17 Wn. App. 626, 629-30 (1977). This doctrine is inapplicable

15  here, because the relationship between a client and a structural engineer is not traditionally an

16  intimate one, like the attorney-client and doctor-patient relationships, and also because Neujahr

17  never had a contract with Eastridge. The fact that Washington courts have not recognized such

18  an exception is another reason not to create one now. See Orkin v. Taylor, 487 F.3d 734, 741

19  (9th Cir. 2007) (the task of a federal court in a diversity action is to approximate state law as

20  closely as possible).

21        Plaintiff also fails to show that the statute of limitations should not be applied because its

22  second amended complaint relates back to the date it filed its original complaint. Federal Rule of

23  Civil Procedure 15(c) permits an amended pleading to relate back to the date of the original

24

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 5

pleading when, among other requirements, the newly named party "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(ii). Here, Plaintiff argues that, while it did not make a mistake about the Neujahr's identity, the Court should read the federal rules flexibly and allow the amendment because Neujahr would not be prejudiced. (Dkt. No. 147 at 21.) But Federal Rule 15(c) is clear: relation back is permitted in cases of mistaken identity, not changes in law. Fed. R. Civ. P. 15(c)(1)(ii).

Plaintiff also argues the Court should apply the Washington state law on relation back if it is more forgiving than the federal rule on relation back. (Dkt. No. 147 at 19, citing the notes to the 1991 amendment of Fed. R. Civ. P. 15(c).) However, Washington rule CR 15(c) contains a requirement that the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Id. Because the Washington rule is not more forgiving than the federal rule, applying the state rule will not save Plaintiff's claim.

Lastly, Plaintiff argues that the Court should exercise its inherent powers in equity to toll the statute of limitations. (Dkt. No. 147 at 22.) Plaintiff asserts that tolling is appropriate here because Defendant had notice of the action, Defendant would suffer no prejudice, and Plaintiff did not sleep on its rights. (Id. at 23, citing Burton v. Benson, CV-06-0273-JLQ (E.D. Wash. June 13, 2008.) But that district court case is not binding on this Court, and it involved a pro se litigant's civil rights complaint, which the court construed liberally. Id. Plaintiff in this matter is represented by counsel, and there is no reason for the Court to exercise its equitable power to toll the statute of limitations. Because the statute of limitations bars Plaintiff's negligence claim here,

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 6

1   the Court need not address the issue of whether a structural engineer owes a duty of care to a

2   project owner under these circumstances.

3                                                         **Conclusion**

4          Because Plaintiff fails to show why the statute of limitations should be tolled or why the

5   amendment adding Defendant Neujahr relates back to the original complaint, the Court

6   GRANTS Defendant's motion for summary judgment.

7          The clerk is ordered to provide copies of this order to all counsel.

8          Dated this 30th day of July, 2013.

9

10

11                                        Marsha J. Pechman

12                                        United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING DEFENDANT NEUJAHR &
GORMAN'S MOTION FOR SUMMARY
JUDGMENT- 7